

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00051-CV

BRIAN DAMON WARD, APPELLANT

V.

TDCJ, WARDEN ADAMS, ET AL, APPELLEES

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. V-100850-00B, Honorable John B. Board, Presiding

May 19, 2015

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Brian Damon Ward, seeks to appeal the trial court's June 23, 2014 Order of Dismissal for Want of Jurisdiction. To effectuate this appeal, Ward filed notice of appeal on February 5, 2015. We will dismiss for want of jurisdiction.

Ward did not filed a motion for extension of time to file his notice of appeal in this case. *See* TEX. R. APP. P. 26.3. Absent a motion for extension of time to file notice of appeal, to be timely, a notice of appeal in a civil case must be filed within 30 days after

the judgment is signed unless certain motions[1] are filed.  *See* TEX. R. APP. P. 26.1(a).  In the present case, Ward's notice of appeal was due to be filed in the trial court on or before July 23, 2014.  As such, Ward's February 5, 2015 notice of appeal failed to invoke the jurisdiction of this Court to address the merits of his appeal.  *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

By letter dated March 17, 2015, this Court notified Ward of this apparent failure of his notice of appeal to invoke the jurisdiction of this Court.  By that letter, Ward was directed to show cause, by April 6, how this Court has jurisdiction over this appeal or the appeal would be subject to dismissal.  *See* TEX. R. APP. P. 42.3.  Ward requested an extension of time to show cause by the April 6 deadline.  This request was granted and the deadline for Ward to show that this Court has jurisdiction over this appeal was extended to May 6.  Ward filed correspondence with this Court on April 27 and April 29, purporting to address this Court's jurisdiction.  However, these documents in no way address Ward's failure to invoke this Court's jurisdiction by timely filing notice of appeal, as required by Texas Rule of Appellate Procedure 26.1.  *See* TEX. R. APP. P. 26.1(a).  Consequently, we conclude that our jurisdiction was not properly invoked to address the merits of Ward's appeal.  *See Verburgt*, 959 S.W.2d at 617.

For the foregoing reasons, we dismiss this appeal for want of jurisdiction and for Ward's failure to comply with a directive of this Court.  *See* TEX. R. APP. P. 42.3(a), (c).

Mackey K. Hancock
Justice

---

[1] The record reflects that Ward has not filed any of these motions.